## NEW BOSTON (Vil.) v. MONK.

Ohio Appeals, 4th Dist., Scioto Co.

Decided Nov. 15, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**874. ORDINANCES — 1104. Statutes— Where portion of ordinance is void because it conflicts with statute of state, other portions are valid and enforcible unless so inseparably connected to subject matter and so related to void portion as to give rise to preseumption that part would not have been enacted without whole.**

Error to Common Pleas.
Judgment reversed.

H. D. McLaughlin, Portsmouth, for New Boston (Vil.)
Blair & Ball, Portsmouth, for Monk.

FULL TEXT.

SAYRE, PJ.

Defendant (defendant in error) was convicted by the mayor of New Boston for a violation of the ordinance against operating a motor vehicle at a greater speed than is reasonable in the business and closely built up portions of the municipality. On proceeding in error to the Court of Common Pleas the conviction was set aside. Error is prosecuted by the village to this court to reverse the Common Pleas.

The ordinance is in the following words:

"Whoever operates a motor vehicle, or motorcycle, on the public roads or highways of the Village of New Boston at a speed greater than is reasonable, having regard for width, traffic, use and general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined not more than $25.00 and for a second offense shall be fined not less than $25 nor more than $100.

"A rate of speed greater than 15 mi. an hour in the business and closely built up portions of the Village or more than 20 miles an hour in other portions thereof, shall be presumptive evidence of a rate of speed greater than is reasonable or proper."

The statute provides that a rate of speed greater than fifteen miles an hour in the business and closely built up portions of a municipal corporation or than twenty-five miles an hour in other portions thereof shall be presumptive evidence of a rate of speed greater than is reasonable or proper. So that part of the ordinance which makes twenty miles an hour presumptive evidence of a rate of speed greater than is reasonable and proper, being in conflict with the statute of the state, is void. But does this render the whole ordinance void? The rule on this subject is announced in the case of Railroad v. Commissioners, 31 OS. 398, 343:

"Whether or not the infirmity that avoids a part affects the entire act depends upon the connection and dependance on each other of its various provisions. Where they are so inseparably connected in subject matter and so related to each other as to give rise to a presumption that a part would not have been enacted without the whole the entire act is void. But where no such connection or dependance exists that part of the statute not itself in conflict with any constitutonal provision is as valid as if independently enacted."

There is in the last paragraph of the ordinance no inseparable connection of subjet matter. One part deals with speed in the closely built up portions and the other with speed in the ordinary portions of the municipality. They are distinct matters. It would be unfair to say that a member or members of council might refuse to vote for the fifteen mile provision without the twenty mile provision for it is to be conclusively presumed that no member of council would insist upon a void provision in the ordinance. The affidavit filed in the case stated an offense under the ordinance and the action of the Common Pleas in regard thereto was error.

On the question of the weight of the evidence the Common Pleas Court in our judgment erred. The traffic officer timed defendant, when both were perhaps out of the built up portions of the village. But he testified that the speed of defendant was about the same through the village and through the built up portions thereof, and that speed was thirty to thirty-two miles per hour, and that such speed owing to the narrowness of the street was unreasonable. It was prima facie unreasonable and whether defendant's evidence was sufficient to exculpate defendant was for the mayor. The decision of the mayor finding the defendant guilty is not manifestly against the weight of the evidence. .

The judgment of the Common Pleas will be reversed.

Defendant was fined fifty dollars. In the state of the record he could not be fined more than twenty-five dollars as there is no averment that this was a second offense.

The judgment of the mayor will be affirmed except as to the sentence, and the cause will be remanded to the mayor's court for resentence according to the ordinance.

(Middleton and Mauck, JJ., concur.)

This opinion was prepared by Judge Sayre prior to his death but was not passed upon by the court until after his demise.